# Cox *v.* The State.

### Indictment for Disturbing Religious Worship.

1. *Disturbing religious worship; what necessary to constitute offense.*—Before a person can be convicted of the offense of disturbing an assemblage of people met for religious worship, it must be shown that his conduct in fact disturbed the assembly or some part thereof; and conduct of a person, however reprehensible or indecent, which does not in fact disturb the assembly of people met for religious worship, and though committed at or near the place of worship, is insufficient to authorize a conviction under the statue, (Code, § 4654.)

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Stonewall Cox, was indicted and convicted for disturbing a religious assembly.

On the trial of the case the State introduced one Turner, who testified that he attended church in Etowah county on a certain night in company with others; that he drove his wagon up to within 25 yards of the church; that he went into the church where the religious services were being held and remained there until the meeting

was about over, and was sitting about the middle of the church; that when the meeting was about half over, he went out of the chuch to look after his wagon; that no one told him anything about his wagon at the time he went out, but he had been told before that night that sometimes it happened that mischief was done to the vehicles at that church; that on going out to his wagon he found that some one had been guilty of most indecent conduct in the wagon; that he did not go back into the church, but remained at the wagon until church was over. He further testified that he did not know of the condition of the wagon when he went out of the church. There was other evidence introduced by the tate tending to show that the defendant had been guilty of the indecent conduct in the wagon of the witness Turner.

The defendant, among other charges, requested the court to give the jury the general affirmative charge in his favor, and duly excepted to the court's refusal to give said charge as asked.

BOYKIN & LEE, for appellants, cited *Salter v. State,* 99 Ala. 207; *Goulding v. State,* 82 Ala. 48; *Johnson v. State,* 92 Ala. 82; *Lancaster v. State,* 53 Ala. 398; *Adair v. State,* 134 Ala. 183.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The defendant was indicted, tried and convicted of the offense of disturbing an assemblage of people met for religious worship.—§ 4654 of Code. While the conduct of defendant was exceedingly reprehensible and highly indecent, there is an entire want of evidence tending in the remotest degree to show that it did in fact disturb the assemblage or any member thereof. It is true the owner of the vehicle apprehended that some mischief might be done to it and left the assembly for the purpose of preventing it. But he had no knowledge that the act complained of had been committed until he had reached his conveyance. Indeed, he did not in fact know, when he left the church, that any act of misconduct had been committed by the defendant or any other person. Under the evidence his leaving the assembly and going

to his wagon cannot be attributed to the conduct of the defendant of which he had no knowledge, but rather to the fact that on prior occasions vehicles belonging to other persons had been interfered with.

The affirmative charge requested by defendant should have been given.

Reversed and remanded.