Argued October 27, 1952, affirmed February 26, 1953

# SKIDMORE *v.* SKIDMORE

253 P. 2d 903

*Ulysses S. Balentine,* of Klamath Falls, argued the cause and filed a brief for appellant.

*George H. Brewster,* of Redmond, argued the cause for respondent. On the brief were Cunning & Brewster, of Redmond.

Before BRAND\*, Chief Justice, and ROSSMAN, LUSK, LATOURETTE\*\* and WARNER, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Ellis Skidmore, from an order which the circuit court entered March 6, 1952. Prior to their divorce by a decree entered April 17, 1950, the parties to this appeal were husband

---

\* Chief Justice when this case was argued.
\*\* Chief Justice when this opinion was rendered.

and wife. They are the parents of three small children, Sharon, Duane and Bryan. The challenged order (1) overruled motions, duplicate in the main, filed by the defendant March 7, 1951, and December 20, 1951, respectively, for a modification of the decree of divorce; (2) sustained a motion made by the plaintiff for the allowance to her of attorney's fees; and (3) sustained another motion made by the plaintiff for a modification of the divorce decree. The unsuccessful motions for modification of the decree filed by the defendant sought to eliminate from the decree a provision which, according to the motion of March 7, 1951, required him to pay the plaintiff monthly "the amount of $100.00." The successful motion made by the plaintiff sought and secured a modification of the decree which terminated the defendant's custody of Duane and gave it to the plaintiff.

Following are the assignments of error:

"The Court erred

"I In finding and decreeing that the defendant-appellant was in willful contempt of court and in default of payments in the amount of $470.00.

"II In finding and decreeing the plaintiff-respondent is entitled to attorney's fees in the amount of $100.00 because of defendant-appellant's proceedings for modification.

"III In finding and decreeing and awarding to the plaintiff-respondent the sole and exclusive care and custody of the minor child Duane Skidmore; and in finding and decreeing and ordering that said child be, by defendant-appellant and all persons acting by, through and under defendant-appellant forthwith delivered up to plaintiff-respondent.

"IV In finding and decreeing that defendant-appellant pay to plaintiff the sum of $100.00 as reasonable attorney's fee for the modification of the

original decree in regard to the custody of the minor child, Duane Skidmore.

"V In failing to modify the said decree by relieving defendant-respondent from the payment of alimony in the sum of $100.00 per month from and after the 7th day of March, 1951."

The parties hereto were married August 17, 1942. April 5, 1950, the plaintiff, upon the insistence of the defendant and against her liking, filed a complaint for a decree of divorce. After the defendant had defaulted, the decree was entered which we have mentioned. The parties, as we have said, are the parents of Sharon, Duane and Bryan, who were born, respectively, June 9, 1943, August 2, 1946, and March 17, 1949. The filing of the suit was preceded by a property settlement evidenced by a writing. At the entry of the decree April 17, 1950, the defendant was, and he still is, a lieutenant in the United States Navy. In April, 1950, his remuneration was $608.25 per month, $120 of which was paid to him because of his engagement in flight service.

The decree of divorce awarded the plaintiff the custody of two of the aforementioned children, Sharon and Bryan. The custody of Duane was given, as we have indicated, to the defendant. The evidence shows that the plaintiff was not wanting in affection for Duane but was unable to care for him. Since the defendant, as a member of the armed services, was away from his home, Duane was left with the defendant's parents and remained with them until the entry of the challenged order.

The decree, in harmony with the terms of the property settlement, ordered the defendant to pay monthly to the clerk of the court $100 as alimony for the plaintiff until she should remarry, and the sum of $100 each month for the support of Sharon and Bryan.

In August of 1951 the plaintiff remarried, and her name is now Laverne Larsen.

Before the defendant filed his motion of December 20, 1951, for a modification of the decree of divorce, he had filed one March 7, 1951, which, like the later one, mentioned that at the time of the entry of the divorce decree the defendant was receiving remuneration of $608.25 monthly. Both motions declared:

"The amount of $120.00 was paid to this defendant because of the fact that at that time, his duty to which he was assigned, included flight service; that since that time and due to a failure of eye-sight, this defendant was grounded and since September 24, 1950, has been denied and will continue to be denied the $120.00 of said earnings, for the reason that your petitioner is not physically qualified to continue flight service."

The motion of March 7, 1951, sought modification of the decreee of divorce "by relieving your petitioner monthly and each month from payment thereon in the amount of $100.00." It did not state whether the reduction should consist of cancellation of alimony or of the award for the children. The motion of December 20, 1951, was couched in language the same as the one of March 7, 1951, with the exception that it stated that August 11, 1951, the plaintiff had remarried. It prayed that the decree "be modified by relieving your petitioner monthly and each month from payment of the $100 per month as alimony to the plaintiff."

March 27, 1951, the plaintiff filed a motion for an order requiring the defendant to deposit with the court the sum of $150 as a fee for her attorney, and December 28, 1951, she filed another for an order requiring the defendant to show cause why he had not discharged the monthly payments of $100 alimony and

of $100 for the support of Sharon and Bryan. Concurrently therewith the plaintiff moved for an order modifying the provision of the decree so that the custody of Duane would be awarded to her.

■ After the issues between the parties had been developed in the manner just indicated, the court heard the parties and their witnesses December 17, 1951, and January 14, 1952. The testimony, as transcribed, covers 133 pages and is accompanied with several exhibits. At the close of the hearing the court entered findings of the fact reading as follows:

"1. That the defendant, Ellis Skidmore, is on contempt of Court for willful failure to pay the sums of money heretofore ordered to be paid by him in April, 1950, in the amount of $470.00.

"2. The Court further finds that plaintiff Laverne Larsen remarried in August, 1951, and is not entitled to alimony from and after the date of her remarriage.

"3. The Court finds that $100.00 is a reasonable attorney fee to be paid by the defendant for the benefit of plaintiff on account of the contempt proceeding.

"4. The Court further finds that plaintiff, Laverne Larson is entitled to the sole and exclusive custody of the minor child, Duane Skidmore, and that since the date of April 17, 1950, the defendant's parents have had the custody of said minor child and said child has been denied the care and attention of either a father or a mother, and that plaintiff is a fit and proper person to have the care and custody of her child.

"5. The Court finds that the plaintiff is entitled to attorney fees in presenting her motion for a modification of the original decree in regard to custoday of the minor child, Duane Skidmore, and that $100.00 is a reasonable attorney fee to be awarded to plaintiff to be paid by defendant."

In support of his first assignment of error, the defendant argues:

"Defendant-appellant's petition was fully established by the testimony that on September 24, 1950, he lost $120.00 per month of his pay by reason of failing eye sight and being grounded. This is a material change in circumstances after the decree and stands undisputed and established."

The trial judge, before entering his findings, prepared a memorandum opinion which said:

"From all of the testimony presented by the respective parties the Court is persuaded that the amount originally stipulated by them was based upon prospective reduction in pay of the defendant at some time in the future. The testimony shows this reduction became effective September 24, 1950. Aside from the testimony of the parties and of the attorney for the plaintiff, which testimony radically differs as to what was then under consideration by the parties at the time the stipulation was entered into, there has been offered and received in evidence as Exhibit 3 a letter written and signed by the defendant and directed to his mother. If uncertainty did exist until this letter was presented the contents thereof I believe makes it entirely clear that the reduction in pay of $120 a month was contemplated in determining the amount to be paid by the defendant as set forth in the stipulation charging for the support of the two children awarded to the plaintiff and for her own support until remarriage, or, until further order of the Court."

We have read carefully all of the evidence. Our analysis of it has convinced us that the observation just quoted from the memorandum opinion is well founded. We concur in it. The first assignment of error is without merit.

■ Before considering the second and third assignments of error, we shall turn to the fourth. It attacks

the award to the plaintiff of an attorney's fee in the amount of $100 for professional services performed in the contempt proceeding. Oregon Laws, 1951, Ch. 204, in amending § 11-512, OCLA, says:

> "* * * and in any contempt proceeding brought to compel compliance * * * with the decree in any suit to avoid or dissolve the marriage contract * * *, the court or judge thereof may make an order awarding to the petitioner, relator or defendant prevailing in such proceeding a sum of money determined to be reasonable as an attorney's fee therein. * * *"

We believe that the provision just quoted authorized the award under attack. The plaintiff was clearly the prevailing party in the contempt proceeding. The reasonableness of the amount awarded has not been questioned. The fourth assignment of error lacks merit.

We shall now consider the second assignment of error. It attacks the award to the plaintiff of $100 for her attorney for his services in the modification of the decree. It will be recalled that (1) the defendant sought to have the decree modified by eliminating from it one of its provisions; (2) the plaintiff sought modification of the decree so that she, and not the defendant, would have custody of Duane; and (3) the defendant's amended motion, after mentioning the plaintiff's remarriage, prayed that the defendant be relieved from further duty to discharge the alimony payments.

Oregon Laws, 1947, Ch. 584, in amending § 9-915, OCLA, provides:

> "At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have the power to set aside, alter or modify

so much of the decree as may provide for * * * the maintenance of either party to the suit; * * * and provided further, that the court may in its discretion assess a reasonable attorney's fee against an unsuccessful moving party filing a motion to set aside, alter or modify a decree, as in this section provided.''

We believe that the provision just quoted, and not Oregon Laws, 1951, Ch. 204, from which we quoted in a previous paragraph, controls the assignment of error under consideration. It will be noticed that the 1947 act empowers the court, in its discretion, to assess ''a reasonable attorney's fee against an unsuccessful party filing a motion to set aside, alter or modify a decree, as in this section provided.''

Four and a half months before the plaintiff remarried, the defendant filed his motion of March 7, 1951, which, after referring to the terms of the decree, sought an order relieving him ''from payment thereon in the amount of $100.00'' monthly. The reduction was sought because the defendant's monthly remuneration was $120 less than when the decree was entered. At that point the plaintiff employed an attorney and incurred the expense for which the challenged award of $100 was made. By reverting to the fifth assignment of error, it will be seen that even upon this appeal the defendant contends that he should have been relieved of the alimony payment ''from and after the 7th day of March, 1951.'' The plaintiff did not remarry on March 7, 1951; her remarriage occurred August 11, 1951. The original motion for release from the alimony payments was filed March 7, 1951.

It is true that when the plaintiff remarried August 11, 1951, the defendant's duty to continue to pay alimony ended, but the termination of that duty did not result from a modification of the provision of the

decree which imposed the duty. No modification whatever of that provision of the decree was made, or needed. The duty to continue to pay alimony terminated because the original decree provided that the duty to pay should terminate whenever the plaintiff remarried. Its exact words are "the defendant shall also pay to the clerk of the court the sum of $100.00 a month as permanent alimony to plaintiff as long as plaintiff shall remain unmarried."

■ As we have seen from the terms of the 1947 act, it authorizes courts in cases of this kind to award an attorney's fee "against an unsuccessful party filing a motion to set aside, alter or modify a decree." It is clear that the defendant was the "unsuccessful party" with his motion. The challenged order which made the award of the fee was free from error. We dismiss the second assignment of error.

We come now to the third assignment of error which submits that error was committed when Duane's custody was taken from his father (the defendant) and was given to his mother (the plaintiff). In reality, custody was taken from the child's grandparents (the defendant's mother and stepfather) and was given to the child's mother. No question is presented concerning the moral character of the mother. One of the child's grandparents, in answering concerning the plaintiff's character, declared, "Not against her character; not against her personal character, *never*."

The mother, her present husband, Sharon and Bryan, reside in Clearfield, Utah. Until the modification order was entered, Duane lived with his grandparents near Redmond in this state. The effect of the modification order was to enable Duane to know and grow up in the company of his brother and sister as well as have the attention and affection of his mother.

When Duane's custody was awarded to the defendant, the plaintiff lacked the means of taking care of him. She had been discarded by the defendant when the latter had found a new object for his affections. Upon that crisis the plaintiff secured a one-room apartment in an apartment house in Oakland, California, that her sister operated. In it she, Sharon and Bryan made their home. The plaintiff immediately found employment and then enrolled in a dental technicians' school. Upon remarriage she moved into a comfortable four-room brick home.

■■ The principles of law governing the modification of a provision for the custody of a child are well established in this state. A change in material circumstances affecting the child may warrant a modification of the custody order. *Kellogg v. Kellogg,* 187 Or 617, 213 P2d 172. The welfare of the child is the paramount consideration which determines the award of custody and any modification of it. *Goldson v. Goldson,* 192 Or 611, 236 P2d 314, and *Goldson v. Goldson,* 187 Or 216, 210 P2d 478. We deem it unnecessary to set forth herein a review of the evidence bearing upon change of attendant circumstances and the fitness of the plaintiff to be entrusted with the custody of Duane. A careful consideration of the evidence has satisfied us that a preponderance of it establishes a sufficient change in circumstances and the fitness of the plaintiff to rear Duane.

The third assignment of error, in our opinion, lacks merit.

Enough has been said in previous paragraphs to show the lack of merit of the fifth assignment of error. We dismiss it.

The above disposes of all issues presented by the parties. The order of the circuit court is affirmed.