Argued May 22, reversed in part June 17, 1959

# BURKE *v.* BURKE and the STATE OF OREGON, Amicus Curiae

340 P. 2d 948

*Stuart W. Hill,* of Portland, argued the cause and filed a brief for respondent and cross-appellant.

Robert Y. Thornton, Attorney General for Oregon, Roy K. Terry, Walter N. Fuchigami, and Adams F. Joy, Assistant Attorneys General, filed a brief as Amicus Curiae for the State of Oregon.

No appearance for plaintiff-respondent.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an attempted appeal by the Attorney General of the State of Oregon appearing by and through Roy K. Terry, Assistant Attorney General, from part of the provisions of a divorce decree granted to defendant relating to payments required of defendant for child support, and also an appeal by defendant from that portion of the decree which requires him to pay for the use and benefit of plaintiff the sum of $60 per month for the support of Randall Ross Burke, the minor son of plaintiff.

Briefly, the appeal comes from a suit wherein defendant was granted a decree of divorce, the custody of three children being granted to the plaintiff, and the defendant was ordered to pay the sum of $60 for the support of the eldest child, above named. From the evidence it clearly appears as a matter of fact that Randall Ross Burke was not the child of defendant, having been conceived at least four months prior to the time when the plaintiff and defendant first became acquainted and were married. Further, a blood test ordered by the court demonstrated that this boy was not the son of defendant. It was also proved that with reference to this child the period of gestation was normal in duration.

■ The State of Oregon, acting by and through the office of the Attorney General, has, by virtue of the provisions of ORS 180.310, attempted to institute an appeal from certain portions of the decree relating to

the other children. The pertinent provisions of this statute are as follows:

"* * * * *

"(2) The Welfare Recovery Division of the Department of Justice, in addition to other powers conferred by law, may:

"(a) Appear as a friend of the court in divorce and separate maintenance suits, or proceedings supplemental thereto, when either or both of the parties thereto are receiving public assistance, for the purpose of advising the court as to the financial interest of the State of Oregon therein." ORS 180.310.

It is under this section that the Attorney General claims to be a party to this suit. Obviously, this provision only authorizes the Attorney General to appear as a friend of the court and that only for the limited purpose of advising the court as to the financial interest of the State of Oregon in this suit. Consequently the Attorney General has no standing to appeal from the decree. We do not say that the State of Oregon is not a party. However, only the District Attorney of the county is permitted to control the proceedings on behalf of the State of Oregon. ORS 107.040. It follows therefore that such attempted appeal is hereby dismissed on our own motion.

Therefore, the only question here arises by virtue of defendant's appeal and his one assignment wherein he contends the trial court erred in requiring the defendant to pay the sum of $60 per month for the support of Randall Ross Burke.

With reference to that, the following presumptions apply:

"The paternity of a person may be established as follows:

"*    *    *    *    *

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption.

"*    *    *    *    *." ORS 109.070.

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"*    *    *    *    *

"(31) A child born in lawful wedlock, there being no decree of separation from bed and board, is legitimate."

"*    *    *    *    *." ORS 41.360.

■ The trial court evidently was of the opinion that ORS 41.350(6) and ORS 109.070(1) also applied. These statutes, in effect, provide that legitimacy is conclusively presumed where the child is the issue of a wife cohabiting with her husband who is not impotent. The word "cohabit" has received various definitions. As used here with reference to the statutes establishing a conclusive presumption of legitimacy, we hold it means living, abiding, residing, or dwelling together. As was said in *In re Wray's Estate,* 93 Mont 525, 19 P2d 1051 at page 1054:

"*    *    * It means 'to live or dwell together, to have the same habitation, so that where one lives and dwells there does the other live and dwell also.' *    *    * 'Cohabitation is not a sojourn, nor a habit of visiting, nor even remaining with for a time; the term implies continuity.' 11 C.J. 953."

See Black's Law Dictionary, 4th Edition, page 326, for various definitions. We further hold that these various statutes, when they refer to "cohabit" mean cohabitation at the time of conception of the child rather than at the time of its birth. *Anderson v. Anderson,* 214 Cal 414, 5 P2d 881, 882; *In re Wray's Estate,* supra.

■ The court below was evidently of the opinion that *Westfall v. Westfall,* 100 Or 224, 197 P 271, holds to the contrary. At page 238 of the last cited case it was stated that where the wife was cohabiting with a husband who was not impotent, testimony of either as to non-access was not admissible. We agree with this rule of law, but it has no application here. Further, in the Westfall case the sole issue had to do with the right of the husband to an annulment on the grounds of fraud and, in fact, that portion of the opinion referring to presumptions was purely dicta. In a comprehensive article in 57 ALR2d 731, 739, 740, Oregon is placed among those states that hold that there is only a rebuttable presumption in favor of legitimacy when the child is born in wedlock but conceived prior to the marriage. There are a few states that hold that there is a conclusive presumption of legitimacy arising from the later marriage irrespective of the statutes. 57 ALR2d 758. For example, see, *State v. Shoemaker,* 62 Iowa 343, 17 NW 589, 49 Am Rep 146; *Miller v. Anderson,* 43 Ohio St 473, 3 NE 605, 54 Am Rep 823. These cases proceed on the theory that one who marries a woman known by him to be pregnant is regarded by law as adopting into his family the child at its birth. While this rule at first glance seems to be salutary, we do not adhere to this theory of adoption. We think that any theory of adoption should be based upon the proposition that the child

should be wanted for its own sake, and not upon the theory that it is accepted incidentally as being an attachment of the mother. Further, the modern trend is away from the rule of conclusiveness. 57 ALR2d 759. In any event, we hold that the conclusive presumption of legitimacy, upon the birth of issue of a wife cohabiting with her husband, who is not impotent, only arises where the wife is cohabiting with the husband at the time of conception of the child. As was said in *Anderson v. Anderson,* supra, at page 882, "It cannot prevail as against undisputed facts to the contrary and at variance with the laws of nature."

■ In the instant case the parties were not cohabiting at the time of the conception and hence there is only a disputable presumption of legitimacy. While the presumption is a "very strong one," it may be overcome by clear, satisfactory and convincing evidence that the husband was either impotent or that there was non-access. *In re Rowe's Estate,* 172 Or 293, 299, 141 P2d 832. Even then, neither the husband nor the wife may directly testify as to non-access. *In re Rowe's Estate,* supra, at page 304. Or, to put it another way, evidence of non-access, when competent, is only permitted with regard to the issue of legitimacy when the parties are not cohabiting at the time of conception. In this instance the disputable presumptions of legitimacy which here apply have been overcome by clear, satisfactory and convincing evidence, irrespective of any direct testimony of either plaintiff or defendant as to non-access and also of any blood test since we decline to pass on the legality of such test here.

ORS 107.100 provides, in effect, that whenever a marriage is dissolved, the court has power to further decree for the future care and custody of "the minor children of the marriage" and to provide for their sup-

port. A divorce court of this state is of limited jurisdiction and has no power except such as is expressly conferred upon it by statute. *Esselstyn v. Casteel et al.,* 205 Or 344, 354, 286 P2d 665, 288 P2d 214, 288 P2d 215.

Since we hold that Randall Ross Burke was not a child of the marriage, it follows that the trial court could not require from the defendant the duty of support. In view of the conclusions reached, it also follows that the decree of the circuit court, insofar as it requires defendant to contribute to the support of the minor child above named, is reversed.