Argued May 26, affirmed July 15, 1971

HOGAN, *Appellant, v.* HOGAN, *Respondent.*

486 P2d 1309

*Francis F. Yunker,* Portland, argued the cause and filed the brief for appellant.

*Frank M. Ierulli,* Portland, argued the cause for respondent. With him on the brief was Paul Gerhardt, Portland.

Before Schwab, Chief Judge, and Fort[*] and Thornton, Judges.

THORNTON, J.

This is an appeal by the plaintiff father from an order which modified a divorce decree by transferring custody of the three minor children of the parties from the plaintiff to the defendant and requiring plaintiff to pay $100 per month for the support of each child. The father appeals on the ground that the trial court erred in transferring custody because the mother had failed to show a material change of circumstances affecting the welfare of the children.

Plaintiff was granted the divorce from the defendant and was awarded custody of the three minor children in 1966. The decree provided that the children would reside within the home of the paternal grandparents.

The record indicates that the father is unmarried; that he is working hard in establishing a new business; that his business has required that he spend considerable time in Europe, leaving the three children, a girl now aged 14 years, and two boys aged 12 and 8½ years, with the grandparents; that said absences were approximately as follows:

> 1968—November 1 through December 15
>
> 1969—March 1 to April 15
>
> 1969—Latter part of the summer, a month
>
> 1969—November 3 to December 19
>
> 1970—January 18 to June 7;

---

[*] Fort, J., did not participate in this decision.

that the grandparents provide excellent care for the children; that the father's income is well above average and he provides material comforts for the children; and that when his work does not require his absence from them he has good relations with his children.

The defendant mother has remarried, marrying the man with whom she had fallen into a meretricious relationship during her previous marriage and which conduct contributed to the failure of the former marriage. The couple now occupies a four bedroom home on a farm near Portland.

According to the trial court file, in June 1968 the defendant filed a motion seeking modification of the divorce decree by transferring custody of the children to her on the ground that the children were being raised by plaintiff's mother "in the absence of the plaintiff by virtue of his work committments [sic] and other obligations." The court denied the motion on August 23, 1968, but at the conclusion of the hearing the court stated orally from the bench:

> "Mr. Hogan is now notified and warned that his children cannot for the rest of their adolescence be raised in the home of the grandparents, but he must give them a natural, normal environment. * * * that the children are entitled to something better than—I don't want to say, age, because the grandparents are my age—but progressively older persons raising pre-adolescent children. This is an undesirable relationship.
>
> "* * * The grandmother and grandfather are to be thanked for their services here and for what has been in the past a tragic relationship, but they are not the best custodians for the children."

In October 1969 defendant filed another motion seeking modification of the divorce decree by trans-

ferring custody of the children to her on the ground that plaintiff's frequent and extended business trips to Europe were harmful to their welfare. In January 1970 the circuit court after hearing modified and enlarged the visiting privileges afforded defendant, and continued the custody hearing until June 1970. At the conclusion of the January hearing the court stated orally from the bench:

"Let me say this, then, the situation in which the father is gone 30 percent of the time is intolerable. The King vs. King case [Gheen v. Gheen, 247 Or 16, 426 P2d 876 (1967)] still is the law of Oregon and is still applicable here; and irrespective of substantial failures on Mrs. Egle's part in the past, she still is to be considered for custody.

"Mr. Hogan says that his long periods of absence will cease, but the situation for the last year and a half has been such to indicate that the children have received substantially less than the amount of contact with the parent to which they are entitled.

"The case will be heard again during the second two weeks of June at the conclusion of the school year."

In April 1970 defendant filed an additional motion to modify the decree by changing the custody of the minor children to her, alleging that the plaintiff had continued to leave the children with his parents while in Europe attending to his business, and that the defendant had remarried, stabilized her life, had a four bedroom home in the country and a wholesome environment for the children.

On June 22, 1970, the court modified the decree (order entered on July 20) by granting the custody of each of the minor children to the defendant and

directing plaintiff to pay $100 per month for support money for each of the minor children. This is the decree now before us on appeal. In making this decision the court stated:

"The Court has considered from the record the period of time in the last 114 weeks that he has been absent and he has been absent from the country 59 weeks, which is 51.7 percent of the time away from the home and that he was not in contact with the children, which is the majority of the time, and he was not in the evenings there with the children.

"The grandparents are to be thanked for their having suffered the brunt of what is really a tragic problem.

"Mr. Hogan is, in the vernacular, 'a good guy.' He has, however, necessarily had to make a choice between a domestic situation which isn't ideal, which never is in domestic situations and which the Court has to evaluate, and his business; and he has chosen his business, and he has chosen his business in spite of the Court substantial and I would have thought uncontrovertible admonition. That choice is a perfectly legitimate choice.

"The Court is mindful of Gheen vs. Gheen; and the Court now necessarily finds that his having been consistently absent from home, even after an admonition, involves a change of circumstances, and the Court does so find.

"In consequence, the Court orders the children to be transferred to Mrs. Egle."

As stated in *Shrout v. Shrout*, 224 Or 521, 523, 356 P2d 935 (1960):

"It is a universal rule, frequently stated by this court, that in providing for the custody of children, the controlling consideration is the welfare of the children—all other rules are secondary and of value only as they aid the court in deciding what is best for the children * * *."

■ Although the record reflects that it was defendant's marital misconduct that was the immediate cause of the breakup of the marriage, this does not permanently disqualify a mother from being awarded custody. *Gibson v. Gibson,* 196 Or 198, 247 P2d 757 (1952); *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970). See also *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969).

Under the order appealed from, the children have now been with defendant since June 22, 1970, except for the regular visitations and three-week summer vacation period allowed to plaintiff. As we pointed out in *McCutchan v. McCutchan,* 5 Or App 96, 483 P2d 93 (1971), competent authority in the field of child rearing has stated that stability is practically the principal element in raising children, especially prepuberty ones, and that a child can handle almost anything better than he can handle instability.

■ Because of the extended business absences of plaintiff from the United States, it is apparent that he is simply not in a position to give the continuous and uninterrupted parental care and guidance needed for the upbringing of these children. These absences would constitute a material change in circumstances affecting the welfare of the children. *Skidmore v. Skidmore,* 197 Or 409, 253 P2d 903 (1953). We agree with the conclusion of the trial judge that it would be in the best interests of these children if they were to remain with the mother.

Affirmed.