Argued May 17, reversed and remanded with instructions
June 11, 1974

In the Matter of the Dissolution of the Marriage of
WAYMIRE, *Appellant, and* WAYMIRE,
*Respondent.*
522 P2d 1394

*Kristena A. LaMar,* Family Law Center, Legal Aid Service, Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Appellant-wife brings this appeal seeking to remove from the decree of dissolution of the marriage of the parties a provision which requires her to contribute $50 a month for the support of their four-year-old child. Custody of the child was awarded to the respondent-husband, with reasonable visitation rights given to appellant.

Appellant contends that the trial judge abused his discretion by "assessing" $50 per month against her for the support of the minor child of the parties.

Appellant is the mother of another child, eight years of age, by a prior marriage. She will continue to have responsibility for the care and support of this child. She testified that she does not receive support from her former husband and does not know his whereabouts. She is presently receiving public assistance from welfare (ADC) and social security, plus food stamps. She testified that she was not employed and was not seeking employment.

Respondent-husband is blind and is receiving welfare subsistence and assistance from the blind commission. He has been receiving a small income from some cabinet and furniture building, in which he has attained a degree of proficiency, and is hopeful of increased business. His sister has been residing with him, and plans to continue doing so and to care for the minor child. Respondent did not request child support, although his answer concluded with a general prayer for equitable relief. The trial court on its own motion, however, raised the issue of appellant's obli-

gation and ability to pay and ordered appellant to pay the challenged amount.

Following the order of the court, trial counsel for appellant questioned the support award to respondent, contending that respondent was receiving more income than appellant at the present time. To this the trial judge replied:

> "No doubt he is, counsel, but an award of $50 per month for support of a child is not excessive, and the mother has an equal obligation to help support the child as the father, regardless of his income."

The substance of appellant's argument is that the guideline of 'ability of pay' applicable in the determination of the amount of child support to be paid by a noncustodial father should be applied to a noncustodial mother; that appellant cannot support herself and a dependent child on her present income, and be expected to meet the support obligation imposed by the trial court; and that the court's assessment of support based on appellant's predicated employment was not supported by the record and was error.

■ ORS 109.010 provides that both parents have an equal duty to support a child born to the marriage. Under proper circumstances a noncustodial mother may be required to contribute to the support of her child. *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973). Further, the legislature has provided that either may be held criminally liable for nonsupport. ORS 163.555.

■ In the case at bar, we conclude that, absent evidence in the record that the wife had outside earnings or income, or was capable of outside earnings, there was no basis for ordering her to pay $50 a month out

of her public assistance. As our Supreme Court noted in *Picker v. Vollenhover*, 206 Or 45, 72, 290 P2d 789 (1955):

> "The practice in this state clearly establishes the procedure to be followed * * *. At the time of divorce the court should not lay down rules for the future whose propriety would depend on circumstances materially different from those shown by the evidence and which can not reasonably be predicted from the evidence * * *."

If at some future date appellant obtains employment, or her financial position otherwise improves, respondent may apply to the court for a modification of the decree to obtain a support provision. ORS 107.135. However the evidence in this case establishes that appellant-wife is not capable of making any contribution to the support of this child at the present time.[1]

Reversed and remanded with instructions to delete from the decree that portion thereof requiring appellant to pay $50 per month for the support of the minor child of the parties.

Reversed and remanded with instructions. No costs to either party.

---

[1] If as indicated by the record the appellant-wife is now receiving ADC for both children, it is likely that her ADC payment will be reduced when custody is changed. Further, it may be that respondent-husband will apply for and, if found to be eligible, receive a similar ADC grant for the minor child of the parties.