578

Argued February 25, affirmed as modified March 10, reconsideration denied April 16, petition for review denied April 29, 1975

MESSMER, *Appellant, v.* MESSMER
(No. 367-496), *Respondent.*
532 P2d 806

*Gary V. Abbott,* Portland, argued the cause and filed the brief for appellant. With him on the brief were McMenamin, Jones, Joseph & Lang, and T. Leonard O'Byrne, Portland.

*Chris P. Ledwidge,* Portland, argued the cause and filed the brief for respondent. With him on the brief were Ledwidge and Ledwidge.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

SCHWAB, C. J.

This is an appeal from an order of the circuit court modifying the child custody and support provisions of an original divorce decree. The original decree, entered on June 8, 1971, awarded appellant-mother custody of the parties' three minor children and required respondent-father to pay child support. The modification order transferred custody of the children to the father and required the mother to pay child support. The mother contends first that it was error to change custody of the children, and that even if a change of custody was proper it was error to order that she pay support.

■ The mother has remarried since the divorce decree. Suffice it to say that having reviewed the record in light of the factors enumerated in *Tingen v. Tingen,* 251 Or 458, 462, 446 P2d 185 (1968), we agree with the trial judge that the family situation which has existed since appellant's remarriage has had "a most deleterious effect on the children," and conclude that custody was correctly changed to respondent.

■ There was no motion for child support and no evidence that the mother had income or earning capacity. Thus, it was improper to order that she pay child support. *Cf., Waymire and Waymire,* 17 Or App 562, 522 P2d 1394 (1974).

Affirmed as modified.