Argued November 19, affirmed as modified, no costs to either party
December 13, 1976

In the Matter of the Marriage of
WALTER, *Appellant,*
*and*
WALTER, *Respondent.*
(No. 92325, CA 6182)

557 P2d 57

*Martha M. Hicks* and *Richard C. Goss,* Oregon City, argued the cause for appellant. Martha M. Hicks, Oregon City, filed the brief.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this dissolution-of-marriage proceeding, the trial court awarded wife custody of the parties' two children subject to reasonable visitation by husband, but conditioned the award of custody by requiring that wife not cohabit[1] with a man not her husband while the children were in her custody. Wife appeals from the imposition of the condition upon the award of custody.

■■ Conditions should be imposed on an award of custody only when necessary to protect the best interests or the welfare of the child. *See* ORS 107.137. *See generally Holmes and Holmes,* 20 Or App 161, 530 P2d 889 (1975). While cohabitation may in many circumstances be injurious to the welfare of a child, we cannot say that in every circumstance, forseeable or otherwise, that cohabitation in any form will have such an effect. *See Whitlow and Whitlow,* 25 Or App 765, 550 P2d 1404 (1976); *Hogan v. Hogan,* 6 Or App 122, 486 P2d 1309 (1971). We have examined the record and can find no evidence which indicates that the condition placed upon the award of custody is necessary to protect the best interests of the children, and it should be deleted from the decree.

When and if there is cohabitation, the court can, upon appropriate motion, consider its effect on the children and make its decision as to the children's best interest in light of the actual rather than a speculative situation.

Affirmed as modified. No costs to either party.

**TANZER, J.,** concurring.

I concur entirely with the majority opinion that cohabitation by the custodial parent is one fact to consider along with all others in ordering or modifying

---

[1] Though the matter is by no means clear, we understand the court's use of "cohabit" to mean "[living] together as man and wife." Webster's Third New International Dictionary (unabridged 1971).

[ 723 ]

custody, but I come to the same result for an additional reason.

The order is in the nature of a permanent injunction to refrain from performing an act which is not illegal. It reads:

> "* * * Neither party shall cohabit with a member of the opposite sex while the minor children are in their custody unless they are man and wife."

To place the parties under the threat of contempt throughout the minority of the children seems unwise and unwarranted except possibly in extraordinary circumstances. Therefore, I concur that the decree should be affirmed except as modified by the elimination of that clause.