Submitted January 4, affirmed, costs to respondent January 31, 1977

In the Matter of the Dissolution of the Marriage of
BOER, *Respondent,*
*and*
BOER, *Appellant.*
(No. 41451, CA 7235)
559 P2d 529

Robert G. Danielson, Sweet Home, filed the brief for appellant.

Larry T. Coady, Oregon Legal Services Corporation, Albany, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The husband appeals an order denying his motion to modify a dissolution decree to terminate his obligation to support the wife's minor child. The parties were married in 1965 and the child was born in 1967. In 1972 the wife petitioned for dissolution. Both parties alleged the child was of the marriage. The parties subsequently entered into a division of property agreement which was incorporated in the final decree entered in March 1973 reciting that the child was "of the marriage," and the husband was to pay $65 per month for the child's support.

The husband now moves to modify the original decree on the ground that he was not in fact the father and has no legal obligation for support. The agreed narrative statement of facts submitted on appeal states that the child was not of the marriage because the parties were not cohabiting and the husband was sterile at conception. The husband was in Viet Nam at the time of conception, and returned one month prior to child's birth, and the parties lived together until sometime in 1972.

A court ordinarily may modify a decree for support only if there has been a subsequent change of circumstances or nondisclosure of a material fact to the court at the time of the decree. *Gibson v. Gibson,* 196 Or 198, 213, 247 P2d 757 (1952). A decree is void if the court did not have jurisdiction over the parties and the subject matter. *Wood v. White,* 28 Or App 175, 559 P2d 1326 (1977).

The husband contends that the court did not have jurisdiction because ORS 107.105(1)(b) provides only for support of children of the marriage. The fact that the child was not of the marriage would probably require reversal if this case was a direct appeal of the original decree.[1] *Burke v. Burke,* 216 Or 691, 340 P2d

[1] There are circumstances where a court could appropriately direct the payment of child support for a child not of the marriage. For example, there

948 (1959). However, this case is not a direct appeal, but rather the husband is in effect attempting to collaterally attack a decree. A collateral attack will not succeed by merely establishing the trial court erred in the exercise of jurisdiction. *Wood v. White, supra.*

■ The trial court's jurisdiction over the parties is undisputed. The trial court also had jurisdiction to require one party to make payments to the other. That the court may have erred by making an award of child support under ORS 107.105(1)(b) or spousal support under ORS 107.105(1)(c) or awarding either is immaterial. The court had jurisdiction to require payment and thus had jurisdiction over the subject matter.

■ The trial court likewise correctly exercised its discretion in refusing to modify. The failure to disclose the child's origin might under other circumstances be of sufficient materiality to warrant modification, but this certainly is not the case here.

In the dissolution proceeding the husband repeatedly represented that he was the father. In his answer he sought custody of the child. He was awarded not only visitation, but also the right to claim the child as a dependent for income tax purposes. There has been no change in circumstance. The failure to disclose a material fact was the result of the husband's deliberate representation that the child was his. He cannot rely on his own misrepresentation as grounds for modifying the decree in his favor. The child is nine years old. The husband had ample opportunity to contest paternity in the dissolution proceeding and chose otherwise. The husband's conduct contains all

is evidence in the record that the husband had at all times during the marriage treated the child as his son. In such circumstances some courts have held that the husband is equitably estopped from denying paternity. *See Clevenger v. Clevenger,* 189 Cal App 2d 658, 11 Cal Rptr 707, 90 ALR2d 569 (1961).

the necessary elements to conclude that he is barred by laches. *See Stephan v. Equitable Savings & Loan Association,* 268 Or 544, 569, 522 P2d 478 (1974).

Affirmed. Costs to respondent.