Argued and submitted May 8, affirmed August 4, 1982

In the Matter of the Marriage of
# VASCONCELLOS,
*Respondent,*
*and*
# VASCONCELLOS,
*Appellant.*
(No. 80-3334-NJ-3, CA A23351)
648 P2d 1358

Donald M. Pinnock, Ashland, argued the cause for appellant. With him on the brief was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

S. Susannah Miller, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Husband appeals from the denial of his motion to modify a Nevada dissolution decree by terminating spousal support. He contends that wife is "cohabitating" with another man and that the decree provides for termination of support upon such cohabitation. Husband's "Motion to Modify" the decree is actually a suit to enforce the anti-cohabitation provision of the Nevada decree.

The parties' marriage was dissolved on February 6, 1980, in Nevada. The dissolution decree provided, in pertinent part:

"That plaintiff [wife] is entitled to rehabilitative spousal support in the amount of ONE THOUSAND DOLLARS ($1,000.00) per month for a period of five (5) years from the date of the Court's decision or until plaintiff dies, remarries, or cohabits with another man, whichever event shall first occur. Said spousal support shall be paid on or before the fifth day of each month."

Both parties then moved to Oregon. Husband registered the decree in Oregon as a foreign judgment pursuant to ORS 24.115.

In September, 1981, wife and the four children moved from Medford to Eugene to enable wife to attend classes at the University of Oregon. When wife moved to Eugene, a male friend moved in with her. He lived with her for about one month but then moved out, apparently because of wife's concern over the effect of the cohabitation clause in the decree. The friend testified that even after moving out he still spent about 80 percent of his nights at wife's residence.

In October, 1981, husband stopped making spousal support payments. As a result, wife's financial situation worsened. Wife borrowed money from her male friend on two occasions. Other than the two loans, the only other support the friend provided to wife and the family was his taking them out to dinner.

The trial judge denied husband's motion to modify the Nevada decree, finding that wife was not cohabitating with another man. Husband's sole argument at trial and on appeal is that the decree should be modified to eliminate

spousal support because wife is cohabitating with another man. Husband does not argue that his ability to pay the spousal support has changed or that wife's needs have changed. Thus, the only change of circumstance alleged is wife's cohabitation with another man.

On *de novo* review we agree with the trial court that petitioner was not cohabiting within the usual and accepted legal meaning of that term. *See Weseman v. Weseman,* 51 Or App 675, 626 P2d 942, *rev den* 291 Or 118 (1981); *Walter and Walter,* 27 Or App 721, 723 n 1, 557 P2d 57 (1976). *See also Burke v. Burke,* 216 Or 691, 695, 340 P2d 948 (1959); *State v. Naylor,* 68 Or 139, 141, 136 P 889 (1913); 7A Words and Phrases 116-125.

Affirmed. Costs to respondent.

**VAN HOOMISSEN, J.,** concurring.

On *de novo* review, I agree with the conclusion reached by the trial judge that wife was not "cohabiting" in the legal sense. *See Walter and Walter,* 27 Or App 721, 723 n 1, 557 P2d 57 (1976). I concur only to note that we do not here decide whether the cohabitation provision in a foreign decree is enforceable. *Compare Grove and Grove,* 280 Or 341, 354-56, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), *with Aldrich v. Aldrich,* 378 US 540, 84 S Ct 1687, 12 L Ed 2d 1020 (1964).