Argued and submitted March 30, affirmed November 9, 1983

In the Matter of the Marriage of

## VASCONCELLOS,
*Respondent,*

*and*

## VASCONCELLOS,
*Appellant.*

(80-3334-NJ-3; CA A24664)

671 P2d 739

*See also* 58 Or App 390, 648 P2d 1358.

Donald M. Pinnock, Ashland, argued the cause for appellant. With him on the brief was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Kenneth R. Molly, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Husband appeals from a denial of his second motion to modify a Nevada dissolution decree by terminating spousal support. He contends that wife is "cohabitating" with a man and that the Nevada divorce decree provides for termination of support upon cohabitation.[1] Husband initially sought to terminate support in a prior action commenced in October, 1981, based on the same anti-cohabitation provision of the Nevada decree. The trial judge in the first proceeding found that wife was not cohabitating with a man and denied husband's motion to modify the decree. An appeal from that action was filed in this court, and a decision affirming the trial court's order was issued in August, 1982. *Vasconcellos and Vasconcellos,* 58 Or App 390, 648 P2d 1358 (1982).

In April, 1982, before our decision in the first *Vasconcellos* case, husband filed another motion for modification of the decree. He contended that changes in the quality and duration of wife's relationship supported the termination of spousal support under the anti-cohabitation provision of the decree at that time. The trial court found no facts to support a conclusion that wife was cohabitating and denied husband's second motion. We again affirm.

Our *de novo* review of the record supports wife's contention that the conduct of wife in her relationship has not changed substantially since we held that she was not cohabitating within the usual and accepted legal meaning of that term. *Vasconcellos and Vasconcellos, supra,* 58 Or App at 393. The bare fact that wife's relationship has continued for eight months will not support a contrary result here.

The public policy concern that wife not look for her support to two different men, expressed in *Grove and Grove,* 280 Or 341, 354, 571 P2d 477, *modified* 280 Or 769, 572 P2d

---

[1] The parties' marriage was dissolved on February 6, 1980, in Nevada. The dissolution decree provided, in pertinent part:

"That plaintiff [wife] is entitled to rehabilitative spousal support in the amount of ONE THOUSAND DOLLARS ($1,000.00) per month for a period of five (5) years from the date of the Court's decision or until plaintiff dies, remarries, or cohabits with another man, whichever event shall first occur. Said spousal support shall be paid on or before the fifth day of each month."

1320 (1977),[2] is not relevant to this case. The parties agree that wife continues to pay all bills for her household, including herself and three of her children, and that the man with whom wife allegedly cohabits continues to maintain a separate residence. We note further that, when the purposes of the support award are to give wife time for readjustment and to prepare herself for employment, it may be entirely appropriate to continue payments regardless of cohabitation. *Cf. Grove and Grove, supra,* 280 Or at 354 (effect of remarriage on spousal support). Because we do not find cohabitation, we do not reach that issue, nor do we decide whether the cohabitation provision in the foreign decree is enforceable.

Affirmed. Costs to respondent.

---

[2] In *Wilson and Wilson,* 62 Or App 201, 205, 660 P2d 188 (1983), we held that remarriage of a dependent spouse is a circumstance justifying modification, absent circumstances militating against modification in the light of this public policy and the statutory obligation of mutual support in ORS 108.110.