Argued February 17; decided April 6, 1896.

MINARD v. McBEE.

[44 Pac. 491.]

29  225
34  363

1. PLEA OF PAYMENT—ADMISSION.—A plea of payment in an answer is new matter, and must be denied or it stands admitted: *Benicia Agricultural Works* v. *Creighton*, 21 Or. 495, cited and approved.

2. WAIVER OF ADMISSION IN PLEADING.—Failure to file a reply to a plea of payment is waived by defendant voluntarily proceeding to establish the alleged payments as though they had been denied.

3. APPEAL—WAIVER OF ADMISSION.—Where payments pleaded in an answer are not denied by a reply, but defendant introduces evidence to support the plea, and the question is litigated and decided on the evidence, without objection, the admission by failing to reply cannot be insisted on for the first time on appeal.

From Douglas: J. C. FULLERTON, Judge.

This is a suit to foreclose a mortgage made to secure the payment of a promissory note executed by defendant William McBee to Stephen Minard, calling for the sum of three thousand dollars, with interest at eight per cent. per annum, and bearing date October fourth, eighteen hundred and eighty-seven. From a decree for plaintiff defendant appeal.  MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Andrew M. Crawford.*

For respondent there was a brief and an oral argument by *Mr. William W. Cardwell.*

Opinion by Mr. Justice Wolverton.

1. The complaint shows that certain payments, aggregating six hundred and forty-six dollars and seventy cents, were made and duly credited upon the note. The defendants, answering, allege that payments have been made on the note which are not credited thereon, "the same being in addition to the several sums admitted in the complaint to have been paid," and, after giving the items in detail of such additional credits claimed, with dates, etc., further answering, say "that the sum total which the defendant will offset as aforesaid is seven hundred and twenty dollars and fifteen cents, and no part thereof has been paid, and the same is now due and owing from plaintiff to defendant." No reply was filed, so that the allegations of the answer setting up the additional payments are not denied, and it is now contended by defendant that, inasmuch as they stand admitted upon the record, plaintiff cannot be heard to dispute them by testimony. It has been held by this court "that a plea of payment in the answer is new matter, and must be denied or it stands admitted": *Agricultural Works* v. *Creighton,* 21 Or. 495 (28 Pac. 775, 30 Pac. 676). To this doctrine we adhere; but a reply may be waived, and the question is has it been waived here?

2. It has if the parties have proceeded to and with the trial as though a reply had been filed and an issue had been thereby raised by way of trav-

erse of new matter in the answer: Bliss on Code Pleading, § 397; *Hopkins* v. *Cothran,* 17 Kan. 173; *McAlister* v. *Howell,* 42 Ind. 15, 26. The record shows that when the case came on to be heard the plaintiff had no evidence to offer, because his allegations stood admitted by the answer, and, although there was no issue requiring evidence in behalf of defendant, he voluntarily proceeded to establish the alleged payments as though they had been denied and an issue raised thereon. Indeed, the only controversy touching which evidence was adduced was with regard to the alleged additional payments.

3. It does not appear that the attention of the court below was ever called to the fact that the plaintiff had filed no reply, but, on the contrary, its findings were evidently made upon the assumption that these alleged credits were in direct controversy. So far as the record discloses, the question is raised here for the first time. We do not think this can be done, and it is certainly not fair to permit it where the trial has proceeded below upon the assumption of an issue regularly formed. If the point had been made below, the plaintiff, by leave, could have corrected the error by filing the necessary reply, but he is taken at a disadvantage when reminded of his oversight here for the first time. The desired end is best attained by getting to the merits, and a party ought not to be cut off without a fair opportunity of presenting his case. Although the trial here is anew upon the transcript and the evidence accompanying it, this means simply, under the code system of pleading, that the issues shall

be the same here as in the court below, save the objections that facts are not stated sufficient to constitute a cause of action or defense, or that the court is without jurisdiction. The findings of fact by the court below are clearly in accord with the testimony, except in the total sum allowed the plaintiff, which is fifty dollars in excess of the actual amount due upon the basis adopted for adjusting the account, an error which no doubt occurred in figuring. The total is made up of the following items:—

| | | |
|---|---:|---:|
| Note, with interest to date of decree | $ 4,730 | 00 |
| Taxes paid by plaintiff | 240 | 00 |
| Attorney's fee agreed to | 300 | 00 |
| Aggregating | $ 5,270 | 00 |
| From which is deducted credits allowed | 686 | 85 |
| Leaving a balance of | $ 4,583 | 15 |

Instead of four thousand six hundred and thirty-three dollars and fifteen cents as stated. In this respect the decree will be modified, otherwise affirmed, with costs to respondent.      MODIFIED.

---

Decided at PENDLETON, July 18, 1896; rehearing denied.