Argued October 1, affirmed October 20, 1925.

JOHN LARSEN *v.* R. Z. DUKE and EMILIE P. DUKE.

(240 Pac. 227.)

**Limitation of Actions—Reply Denying That Last Payment on Note was Made on Date Alleged in Answer Held Unnecessary.**

1. Where complaint alleged that last payment on note was made on date within period of limitations before action thereon was commenced, it was not necessary for plaintiff to file reply denying that such payment was made on date more than such time before suit was brought as alleged in answer.

**Pleading—No Reply Necessary, Where New Matter Merely Negatives Allegations of Complaint.**

2. Where new matter merely negatives allegations of complaint, no reply is necessary.

**Pleading—Failure to Reply Waived by Proceeding With Trial Without Calling Fact to Lower Court's Attention.**

3. Where lower court's attention was not called to failure to file reply, and trial proceeded as though new matter alleged in answer was at issue, failure to reply was waived.

**Limitation of Actions—Finding as to Application of Payment on Note Held Sufficiently Specific.**

4. Finding that stated sum "was made on the twenty-ninth day of July, 1916," and "credited on the interest past due on said note at that time," *held* sufficiently specific finding that payment of July, 1916, was indorsed or applied on note sued on.

————————

2. See 21 R. C. L. 555.

**Limitation of Actions—Date of Last Payment, not of Entry on Note, Tolls Statute.**

5. Date of last payment on note, sued on, not that of its entry thereon, tolls statute; indorsement on note being merely evidence of payment.

**Appeal and Error—Trial Court's Decision Supported by Evidence, That Last Payment on Note was Made Before Bar of Statute Conclusive.**

6. Trial court's decision, supported by evidence, that last payment on note sued on was made before bar of statute is final and conclusive on Supreme Court.

**Limitation of Actions—Finding That Last Payment on Note was Made Before Bar of Statute Held Supported by Evidence.**

7. Evidence *held* sufficient to support trial court's finding that last payment on note sued on was made before bar of statute by crediting and actually applying on note rental of room in defendants' hotel.

**Limitation of Actions—Actual Application of Payment, on Note, not Mere Right to Credit It, Tolls Statute.**

8. It is not mere right to credit payment on note, but exercise thereof by actual application of payment, that tolls statute.

**Limitation of Actions—Motion to Dismiss at Close of Plaintiff's Case in Chief Held Properly Denied.**

9. Where plaintiff testified that he indorsed last payment on note on date before bar of statute, court properly denied motion to dismiss action at close of plaintiff's case in chief, though there was expert testimony that plaintiff did not make such indorsement.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

Plaintiff commenced this action on July 24, 1922, to recover the balance due on a note, dated April 6, 1914, for the sum of $2,500. It is alleged that the last partial payment on the note, to wit, $78, was made July 29, 1916. Defendant in his answer admits the execution of the note and that the plaintiff is the owner and holder thereof, but denies that the last payment was made at the time alleged by plaintiff. As a further defense defendant pleads the statute of limitations, it being his

contention that the last payment was made May 22, 1916. No reply was filed by plaintiff. It thus appears that the sole issue is whether plaintiff's action is barred by the statute. If the payment was made, as claimed by plaintiff, the action was commenced five days before the statute had run. The cause was tried before the court without a jury, and judgment was rendered in favor of plaintiff for the amount due on the note. Defendant appeals.                                                     AFFIRMED.

For appellants there was a brief over the name of *Messrs. Skulason & Riesland,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief and oral argument by *Mr. Wilber Henderson.*

BELT, J.—1. It is contended, since no reply was filed to the new matter pleaded in the answer, that the same is to be taken as true. The only question at issue was the date of the last payment. Plaintiff in his complaint alleged it was July 29, 1916, and defendant, by answer, alleged it was May 22, 1916. Otherwise stated, plaintiff pleads · facts to toll the statute and defendant avers them to invoke it as a bar to the action. Was it necessary for plaintiff to file a reply denying the date as alleged by defendant? We think not. Plaintiff said the payment was made in July. Why should he be obliged to deny that it was made in May? If it be true that the purpose of pleadings is to apprise the parties of their respective contentions, we believe the same to have been accomplished in the instant case.

2. Where the new matter merely negatives the allegations of the complaint, no reply is necessary:

*Kabat* v. *Moore,* 48 Or. 191 (85 Pac. 506); *Welch* v. *Johnson,* 93 Or. 591 (183 Pac. 776, 184 Pac. 280).

3. Furthermore, the attention of the lower court was not called to the fact that no reply had been filed, and the trial proceeded as though the new matter alleged was at issue. If appellant had any point relative to failure to file a reply, it was waived: *Minard* v. *McBee,* 29 Or. 225 (44 Pac. 491); *Howell* v. *Howell,* 77 Or. 539 (152 Pac. 217).

4–6. It is urged that the judgment of the trial court cannot be upheld for the reason that "there is no finding that the payment of July, 1916, was indorsed or applied on the note." In the findings of fact we find that "the sum of $78 was made on the twenty-ninth day of July, 1916, and said amount was credited on the interest past due on said note at that time." We are at a loss to know how such finding could be more specific. At any rate, it is the date of payment, and not the date of entry, that tolls the statute: *Slagle* v. *Box,* 124 Ark. 43 (186 S. W. 299); *Regan* v. *Williams,* 185 Mo. 620 (84 S. W. 959, 105 Am. St. Rep. 600); *Young* v. *Alford,* 118 N. C. 215 (23 S. E. 973); *J. M. Arthur & Co.* v. *Burke,* 83 Wash. 690 (145 Pac. 974); *Hastie et al.* v. *Burrage et al.,* 69 Kan. 560 (77 Pac. 268); *Clark* v. *Powell's Estate* (Mo.), 208 S. W. 31. The indorsement on the note is merely evidence of payment: *Young* v. *Alford, supra.* The ultimate question of fact to be determined is whether the payment was made prior to the bar of the statute; and the decision of the court in that respect, when based on evidence to support it, is final and conclusive on this court. Its finding is equivalent to that of a jury.

7. But, say appellants, if the above finding be deemed sufficient, there is no evidence to support it. It appears from the evidence without contradiction, and as found by the court, that respondent and appellant R. Z. Duke entered into an agreement in January, 1916, whereby appellants were to provide Martin Larsen, a brother of plaintiff, with a room in their hotel, and that the rental thereof would be credited on the note. Plaintiff says the agreed rental was $13 per month, whereas defendants contend it was $15. Pursuant to this agreement plaintiff's brother occupied the room from February, 1916, until February, 1917. Plaintiff testified in reference to this agreement as follows:

"Q. All right. Now, when was the last conversation you had or when was the last arrangement you had with Mr. Duke relative to credit for his staying there? A. Well, that was the last part of July, 1916. Q. The twenty-ninth day of July? A. The twenty-ninth day of July, yes. Q. Now, how did you happen to put that on there at that particular time? A. I happened to put it on there at that time because I was straightening up my letters and I was leaving town, and I was looking over the note, and I couldn't find the credit on the note that Duke was supposed to have for the four months, so for that reason I called up to Duke to find out just what that credit was, and then my brother had stayed there two months longer, and so we came to the conclusion we better credit on the note up to date. Q. Who came to that conclusion? A. Mr. Duke and I. Q. You say you came to the conclusion? Did you have some conversation about that? A. We had some conversation over the 'phone about it. Q. And what did he tell you about it? A. Well, he told me to give

him credit for those figures, that is what we arrived at. I don't remember exactly just how we arrived at that very dollars and cents, but that is the—that is the figures that we arrived at anyway at that time. Q. Then, if I understand you correctly, on the twenty-ninth day of July, 1916, he instructed you to credit on the note $78. A. Seventy-eight dollars; that was the figure we arrived at.''

The evidence certainly tends to show that it was the agreement of the parties that the rental of the room should be credited on the note and that it was actually so applied. Appellants admit that the rental should be credited on the note, but contend it was applied in May, and not in July. It thus became clearly a question of fact for the court, and its decision in reference thereto will not be disturbed.

8. We agree with counsel for appellants that the mere right to credit a payment on a promissory note does not toll the statute of limitations, but actual application must be so made. It is the right to credit a payment and the exercise of such right that removes the bar of the statute. The facts in this case come within the rule announced.

9. At the close of plaintiff's case in chief appellants moved to dismiss the cause for the reason, as stated by their counsel, that "it conclusively appears from the testimony now before the court that the testimony of the plaintiff Larsen is false as to that indorsement. It is perfectly plain to any man that he didn't make that indorsement on that note, and if he didn't make the indorsement on the note, then the indorsement is invalid." There was, indeed, expert testimony that plaintiff did not make the

indorsement on the note in question, but in view of the fact that he testified as having done so, the court was right in denying such motion.

In the light of what has been said it is not deemed necessary to consider other minor assignments of error. The judgment of the lower court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.