Argued November 2; affirmed November 16, 1937

COLE *v.* COLE

(73 P (2d) 383)

*Harry G. Hoy,* of Portland (Hoy & Doxey, J. R. Callahan, and Arthur E. Prag, all of Portland, on the brief), for appellant.

*Janet W. Starkey* and *Arthur D. Platt*, both of Portland (Sam W. Poole, of Portland, on the brief), for respondent.

KELLY, J. On September 3, 1933, plaintiff and defendant intermarried. On April 20, 1936, plaintiff filed his complaint herein for divorce. On July 17, 1936, plaintiff filed an amended complaint. In her answer to plaintiff's amended complaint, defendant failed to deny the allegations of paragraph six thereof.

The three points presented in his brief by plaintiff, as a basis for reversal of the trial court's decree, in our opinion are not well taken.

■ The first point is based upon the failure of defendant to deny paragraph six of plaintiff's amended complaint. A consideration of the whole record lends to the conclusion that this failure by defendant to deny in her answer said paragraph of the amended complaint was an oversight. The trial was conducted as if it had been denied. We have the plaintiff's version and we also have the defendant's. We think that the parties treated the record in the same way they would have treated it if issue had been formally joined by a denial of said paragraph six of plaintiff's amended complaint. In this state of the record, we too treat it as if issue were joined: *Howell v. Howell,* 77 Or. 539, 547 (152 P. 217); *Larsen v. Duke,* 116 Or. 25, 28 (240 P. 227), and *Minard v. McBee,* 29 Or. 225, 226 (44 P. 491).

■ The second point is based upon the assumption that the allegations of paragraph five of the new matter in defendant's answer are not sufficient to connect plaintiff with the alleged bad treatment of defendant by plaintiff's parents. We think that in the absence of a motion to make more definite and certain, after

issue joined and a trial upon the merits, the last clause of said paragraph five may be construed as charging plaintiff with permitting and approving said ill treatment of defendant at the hands of his parents. Said last clause of said paragraph five of the new matter in defendant's answer is as follows:

"plaintiff deserted the defendant and child and returned to his parental home and concurred with his parents in their conduct towards the defendant."

Plaintiff's third point presents the contention that defendant's testimony is entirely unworthy of credit and that plaintiff's testimony affords ample proof of the allegations in his amended complaint. We think that the trial judge did not err in giving effect to defendant's testimony. We also think that plaintiff's testimony and that of his witnesses fails to establish his charge that illicit relations continued after the defendant left her parental home.

No good purpose can be served by reviewing the testimony which this sordid record presents. Suffice it to say, we concur with the conclusion of the trial court.

The decree of the circuit court is affirmed and the cause is remanded in order that the circuit court may select and approve a private boarding home for the minor child of plaintiff and defendant in accordance with the terms of said decree.

BEAN, C. J., and BELT and ROSSMAN, JJ., concur.