Motion to dismiss appeal denied July 15, 1941; argued on the merits
April 2; reversed April 14; rehearing denied May 19, 1942

## MURRAY *v.* LAMB ET AL.

(115 P. (2d) 336, 124 P. (2d) 531)

*J. LeRoy Smith*, of Portland, for appellant.

*H. P. Arnest*, of Portland, for respondent David E. Lamb.

*J. R. Murphy*, of Portland, for other respondents.

KELLY, C. J. This case is before us upon motions of appearing defendants and respondents to dismiss plaintiff's appeals.

The question involved being one not heretofore considered by this court, a written opinion is deemed appropriate.

This is an action based upon alleged deceit. On or about October 16, 1940, plaintiff filed her fourth amended complaint in the circuit court. On April 1, 1941, the demurrer thereto of one of the defendants, namely, D. E. Lamb, was sustained upon the ground of defect of parties defendant. On April 11, 1941, plaintiff having failed to plead further, an order of dismissal as to defendant, D. E. Lamb, was entered and a judgment for costs and disbursements in favor of said defendant, D. E. Lamb, was rendered and entered. On April 30, 1941, plaintiff filed a notice of appeal from said judgment in favor of defendant Lamb. On said April 30, 1941, plaintiff also filed an undertaking on appeal.

On April 18, 1941, an order of dismissal was entered as to defendants, The Sanctuary of our Sorrowful Mother, an Oregon corporation, Alexius V. Croke, Jerome DePencier, individually, and as Provincial of the Order of Servites of America, an unincorporated religious body, Petritius Broanahan, Elton Watkins and Wallie T. Baker, and a judgment against plaintiff

in favor of said last named defendants was rendered and entered.

On the 30th day of April, 1941, plaintiff filed a notice of appeal from the order and judgment, last above mentioned, and at said time also filed an undertaking on appeal from said last mentioned order of dismissal and judgment.

Defendants Marian Lamb and W. A. Miller were not served with summons and made no appearance in said action. An attempted service was made upon defendant, W. F. Pettibone, but such service was quashed and, except for his special appearance asking for the quashal of said attempted service, defendant Pettibone has not appeared. No other service of summons than the attempted service mentioned has been made upon said Pettibone, and it appears by his affidavit that said Pettibone is a nonresident of Oregon. The action has been dismissed as to all defendants, except the three last named; and judgment against plaintiff has been rendered and entered for costs and disbursements in favor of all of the defendants except said three defendants last named.

The motions to dismiss plaintiff's appeals are based upon the assumption that neither of the judgments mentioned is an appealable order.

■ The general rule is that a judgment determining the rights of some of the parties only is not final and hence not appealable. *Watkins v. Mason*, 11 Or. 72, 4 P. 524; *Abrahamson v. Northwestern Pulp and Paper Co.*, 141 Or. 339, 15 P. (2d) 472, 17 P. (2d) 117; *Durkheimer Investment Co. v. Zell et al.*, 161 Or. 434, 90 P. (2d) 213.

■ This general rule is subject to the qualification that if the judgment "disposes of the case as to all

parties who have been served or appeared it may be final for purposes of appeal although other parties were not served and did not appear and the action as to them is undisposed of''. Vol. 1, Freeman on Judgments, (5th Ed.) section 6 at page 60, and cases cited in note 6; 4 C. J. S. Subject, Appeal and Error, p. 201, section 104, and cases cited in note 59; 3 C. J., Subject Appeal and Error, p. 463, note 64 and cases there cited.

■■ For these reasons, the appeal from the order of April 11, 1941, is dismissed; and the motions to dismiss plaintiff's appeal from the judgment and order of April 18, 1941, are denied and overruled.

On the Merits
(124 P. (2d) 531)

RAND, J. In October, 1940, an order granting leave to plaintiff to file a fourth amended complaint was made and entered in this action. David E. Lamb, one of the defendants, separately demurred to the complaint upon the ground (1) that there is a defect of parties defendant in that one A. M. Mayer had not been joined as defendant in the action, and (2) that the action had not been commenced within the time limited by law. The court sustained the demurrer upon the first ground and, upon plaintiff's refusal to plead further, dismissed the action as to Lamb.

Prior to the sustaining of the demurrer, all the other defendants, except four, had filed a joint answer in which they admitted the corporate existence of one of the defendants and denied generally all the other allegations of the complaint. Of these four, three had not been served and the service as to the other one had been quashed. After the separate demurrer of Lamb had been sustained, the answering defendants

moved the court to dismiss the action as to them on the ground that, since the plaintiff had failed to file a fifth amended pleading after the Lamb demurrer to her fourth amended complaint had been sustained and the time for filing such amendment having expired, they also were entitled to have the action dismissed as to them. The court sustained this motion and entered an order dismissing the action as to the answering defendants, and plaintiff has appealed from said orders of dismissal.

■ ■ This action was brought to recover damages alleged to have been sustained by plaintiff from certain false and fraudulent representations alleged to have been made to her by defendants jointly and hence, if the fourth amended complaint was sufficient to state a cause of action, the action was a tort action in which the plaintiff was entitled to sue any one or more of the defendants causing the injury complained of. That being so, there could be no defect of parties defendant in an action brought against one or more of such joint tortfeasors. Moreover, had a defect of parties defendant appeared upon the face of the complaint, as the answering defendants contend, then, in failing to demur to the complaint upon that ground, the defect would have been waived under section 1-705, O. C. L. A., and could not later be taken advantage of by the answering defendants. For these reasons, it was error for the trial court to sustain the Lamb demurrer and it was also error to enter an order dismissing the action as to the answering defendants.

■ The fourth amended complaint, however, is defectively drawn as to be almost unintelligible and it is extremely doubtful whether it states facts sufficient to constitute a cause of action. That question, however,

was not raised in the lower court or upon the argument here. Under these circumstances, we think it is the duty of the court to hold that the statements contained in the complaint constitute a defective statement of a good cause of action rather than to hold that the complaint fails to state facts sufficient to constitute a cause of action, and thereby put an end to the case.

■ Our statute—section 1-704, O. C. L. A.—provides that the complaint shall contain a plain and concise statement of the facts constituting the cause of action without unnecessary repetition. As was observed many years ago by an eminent jurist, it is:

"* * * one of the first principles of pleading, that there is only occasion to state facts, which must be done for the purpose of informing the court, whose duty it is to declare the law arising upon those facts, and of apprising the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it."

■ It is always necessary to any regular administration of law that the plaintiff shall make a clear, distinct and intelligible statement of his claim in order that the defendant may know what he has to meet. The plaintiff's fourth amended complaint fails to comply with the directions contained in this statute or with the rules above stated. Had this complaint been demurred to or moved against upon proper grounds and not, as was done, on the ground of a defect of parties defendant, we would be compelled to affirm the action taken by the trial court but, since this was not done, it leaves nothing for this court to do except to reverse the orders appealed from. We do hold, however, that, if this case is to be tried, this complaint is not sufficient to inform the trial court of the facts upon which

it would become its duty to declare the law or to apprise the defendants of what facts they will be called upon to meet. For this reason, the orders appealed from are reversed and the cause is remanded with permission for plaintiff to apply to the court below for leave to tender and file a fifth amended complaint, whether such permission shall be granted or denied being left entirely to the legal discretion of the circuit court.

The orders appealed from will, therefore, be reversed and the cause will be remanded for such further proceedings as are not inconsistent herewith.

Reversed and remanded.