Argued February 16, affirmed March 15, 1961

## LANDERS *v.* LANDERS

360 P. 2d 552

*Thelma Chapman Fowler,* Eugene, argued the cause and filed briefs for appellant.

*Robert D. Dames,* Medford, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

WARNER, J.

The parties were married January 18, 1957. A daughter was born December 6, 1957, and a son June 9, 1959. In complaint for divorce and later supplemental complaint plaintiff alleges cruel and inhuman treatment as the basis for a decree in her favor. Defendant, a bus driver for the Greyhound Lines, filed a cross-complaint predicated upon the same general grounds as warranting a decree in his behalf. He alleges, among other specifications in the same category, that he is not the father of the second child and had not cohabitated with plaintiff since June, 1957. He also asks to be awarded custody of their small daughter. From a decree dismissing his cross-complaint, granting plaintiff custody of the two children, imposing upon defendant an obligation to pay plaintiff $50 per month for the support and maintenance of each child and requiring him to reimburse plaintiff for the costs of the doctor and hospital incurred in the birth of the last child, defendant appeals.

█ Although findings of fact and conclusions of law have not been required in suits in equity since 1925 (ORS 17.440), we find on appeal they are helpful in expediting our own conclusions when present in the trial court file, as they are in this matter. We commend the practice when an appeal may be reasonably anticipated in suits.

The thrust of defendant's appeal is directed to the question of the paternity of the second child. He fo-

cuses on plaintiff's failure to file a replication to his cross-complaint and what he deems a failure of proof that the parties had resumed intercourse at any time subsequent to June, 1957.

The trial judge found that at different times since the filing of the original complaint in January, 1958, the defendant had called upon the plaintiff and that they had been in each others company "many times" during the time subsequent thereto. The trial was not had until October 22, 1959.

With more particularity as to one of such meetings, the court found:

"That during the month of September or early October, 1958, when the parties met one another in the City of Klamath Falls, Oregon, and were in each others company, defendant again represented to plaintiff that he wanted to provide a home for her; that he desired to renew his marriage relations with plaintiff and to live with her; that at said time and place he represented to her that he sought a reconciliation; that as a result of such promises and representations the parties had sexual intercourse. That thereafter regardless of such representations and promises which had been made, defendant refused to drive plaintiff to her parents home in the City of Medford, Oregon; that late at night he left her in a bus depot in Klamath Falls, Oregon, making it necessary for her to return to Medford via a late bus. * * *"

The trial court also found both children were issue of said marriage.

■ The defendant claims the court erred in failing to find that the allegations of his cross-complaint were true, particularly his allegation denying the paternity of the child born June 9, 1959. He rests this contention upon plaintiff's failure to file a reply to his cross-

complaint. We find that this assignment is without merit.

This argument is raised for the first time on this appeal. But the record discloses that the case was tried as if the affirmative matter in defendant's answer had been put in issue. Had the defendant raised that question in the circuit court, the plaintiff, by leave of court, could and undoubtedly would have supplied the omissions by filing the necessary reply. Having thus voluntarily proceeded throughout the trial as if the affirmative allegations in his answer had been denied, the defendant waived the necessity for filing a reply. *Fritz v. Fritz* (1946), 179 Or 612, 616, 174 P2d 169; *Cole v. Cole* (1937), 157 Or 566, 73 P2d 383; *Larsen v. Duke* (1925), 116 Or 25, 28, 240 P 227; *Howell v. Howell* (1915), 77 Or 539, 547, 152 P 217; *Minard v. McBee* (1896), 29 Or 225, 226, 44 P 491; 41 Am Jur 420, Pleading § 180; 71 CJS 1146, Pleading § 573.

Usually, the parties to the marriage are the only ones available to testify to an act resulting in a conception. Such is the situation in this case. The only testimony in affirmation or denial comes solely from their mouths. Plaintiff tells us that she and defendant met in Klamath Falls sometime in the latter part of September or early part of October, 1958. The theme of the meeting was the possibility of a reconcilation, as ardently proposed by defendant several months before. His inclination for a reunion is evidenced in his letters to plaintiff. According to plaintiff, prior to defendant's departure on his regular bus trip later that evening and before plaintiff continued her previously-scheduled trip to Medford, the parties met, discussed their marital situation, and at one juncture during the evening while in defendant's car and on a roadway outside Klamath Falls had intercourse.

Defendant admits a meeting with his wife in Klamath Falls sometime early in October, 1958, and under circumstances akin to her representation, but denies that it was for the purpose of securing a reconciliation or that they engaged in acts of intimate marital relationship. Defendant insists that no intercourse had been had between them since June, 1957.

Limited as the court was to this conflicting source of testimony, it necessarily had to evaluate the credibility of the adverse parties. That the court was so favorably impressed by plaintiff is not only exemplified by its findings and decree, but also by the judge's reported statement made at the conclusion of the trial when in the course of summarizing the evidence, he observed: "* * * on the whole the plaintiff was a more sincere and honest witness than the defendant."

■ Although we lack the advantages had by the trial judge in seeing and hearing the witnesses and must depend solely on their reported words, yet when we read the instant record in its entirety, as we have carefully done, we find therein sufficient evidence to join with him in his evaluation of Mrs. Landers' apparent sincerity and integrity.

We also find, as did the trial court, that defendant failed to produce the clear and convincing evidence so essential to rebut the presumption raised by ORS 41.360(31) that a "child born in lawful wedlock, there being no decree of separation from bed and board, is legitimate."

■ We have reviewed the evidence tendered by both parties relating to their respective allegations of acts of cruel and inhuman treatment, all of a relatively minor character in contrast to the issue of paternity raised by defendant. No purpose will be served in a

delineation of that evidence adduced by the parties in support of these other charges and countercharges. We deem it sufficient to say that we find ourselves in complete accord with the findings thereon made by the court and, therefore, the decree is affirmed.