Argued May 7, affirmed June 27, 1962

# MOORE *v.* MOORE

372 P. 2d 981

*R. Thomas Gooding,* La Grande, argued the cause for appellant. On the brief were Burleigh, Carey & Gooding.

*Charles R. Cater,* La Grande, argued the cause and submitted a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

This is an appeal from an order modifying and amending a divorce decree.

On April 17, 1961 a decree of divorce was entered in favor of plaintiff-wife. Custody of the parties' two youngest children was awarded to plaintiff and custody of the two oldest children was awarded to defendant. On July 14, 1961 defendant moved that the decree be modified by awarding to him the custody of the two youngest children. Plaintiff filed a counter motion for an order awarding her custody of a fifth child, Svea Marie, born after the entry of the divorce decree, and for an order requiring defendant to support the child. The lower court denied defendant's motion and entered an order in accordance with the prayer of plaintiff's motion. Defendant appeals.

The parties were married in 1947. Plaintiff filed suit for divorce on November 10, 1960, up to which time the parties lived together as husband and wife.

The divorce decree was entered on April 17, 1961. On May 12, 1961 plaintiff and Phillip Hancock (who had been a friend of both plaintiff and defendant during the latter years of the marriage) were married at Reno, Nevada. On June 29, 1961 Svea Marie was born.

The defendant first contends that the lower court did not have jurisdiction to enter a decree adjudicating that defendant was the father of Svea Marie nor to require defendant to contribute to her support. The contention is that in divorce and custody matters the circuit court has jurisdiction only to the extent provided by statute and that since the decree was entered without an adjudication of the defendant's paternity and his duty to support Svea Marie, born after the decree, the court had no jurisdiction to modify the decree. The statute relied upon is ORS 107.130, as it read at the time the suit for divorce was filed.[1]

■ We are of the opinion that ORS 107.130 (as it read prior to the 1961 amendment) should not be given such a narrow construction. We construe the statute to

---

[1] ORS 107.130 was amended after the divorce suit was filed but before the decree was entered. Prior to amendment in 1961, ORS 107.130 read in part as follows:

"107.130 Vacation or modification of decree. (1) The court, or judge thereof, has the power to set aside, alter or modify at any time after a decree is given, upon the motion of either party, so much of the decree as may provide for the appointment of trustees, for the care and custody of minor children, for the nurture or education thereof, or both, or the maintenance of either party to the suit; and such decree is a final judgment as to any instalment or payment of money provided for therein which has accrued up to the time either party makes such a motion.

"(2) The court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for the nurture or education

authorize the court to amend a divorce decree so as to order the payment of support money for a child born after the decree.[2] Since we so construe the statute, it is not necessary to decide whether the amendment of ORS 107.130 in 1961 operated retrospectively so as to apply to this suit which was filed before the effective date of the amendment.

■■ Defendant next contends that the question of his paternity could not be adjudicated in a divorce proceeding for the reason that the divorce court has no jurisdiction over filiation proceedings, such jurisdiction having been vested in the circuit court acting as a court of general jurisdiction. Defendant argues that ORS 109.110 to 109.262 establish the exclusive procedure by which filiation proceedings are to be initiated. We do not regard these statutes as applicable where the charge of paternity is made under the circumstances of the present case. If, in the initial divorce proceeding, plaintiff's pregnancy had been disclosed to the court it would have been within the power of the court to determine that defendant was the father

---

of minor children or the maintenance of either party to the suit, which has accrued prior to the filing of such motion.

\* \* \* \* \*."

The 1961 amendment authorizes the court to make an order "providing for the future support or custody of minor children residing in the state who, at the time the decree was given, were not residents of the state, \* \* \* or were erroneously omitted from the decree." (Emphasis added).

[2] No Oregon case has adjudicated this point. In other jurisdictions it is generally held that a divorce decree may be modified to allow support money for a child born after the decree is entered. See Annotation: Opening or modification of divorce decree as to custody or support of child not provided for in the decree, 71 ALR2d 1370 (1960). See also, Annotation: Material facts existing at the time of rendition of decree of divorce but not presented to the court, as ground for modification of provision as to custody of child, 9 ALR2d 623 (1950).

of the expectant child and to include in the decree an order directing defendant to pay support money for that child.[⑧] From the standpoint of the court's jurisdiction the case is no different where the wife's pregnancy during the proceeding is not disclosed until after the decree. The court's jurisdiction continues after the decree, not only to modify the decree so as to require the payment of support money for the omitted child, but also to determine the question of paternity.[⑨] The fact that plaintiff purposely concealed her pregnancy from the court cannot militate against the child's right to be supported by its father. In these proceedings the criterion for judgment is the child's welfare and not the fault of the parent.

Next it is argued that the court erred in finding that defendant was the father of Svea Marie, Defendant calls attention to the two presumptions found in ORS 109.070:

"109.070 The paternity of a person may be established as follows:

"(1) The child of a wife cohabiting with her husband who is not impotent, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void.

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption.

\* \* \* \* \* "

---

[⑧] Landers v. Landers, 226 Or 380, 360 P2d 552 (1961); Secondine v. Secondine, 311 P2d 215 (Okla 1957). See, Burke v. Burke, 216 Or 691, 340 P2d 948, 951 (1959).

[⑨] See, e.g., Wareham v. Wareham, — Cal App2d —, 15 Cal Rptr 465 (1961); Mund v. Mund, 252 Minn 442, 90 NW2d 309 (1958). See also, 71 ALR2d 1370, 1408 (1960).

■ These presumptions, it is argued, conflict, the first presumption arising out of the fact that plaintiff and defendant cohabited until November 10, 1960 and that Svea Marie was born on June 29, 1961, thus attributing paternity to defendant, and the second presumption arising out of the fact that the child was born after plaintiff and Hancock had entered into the marriage ceremony on May 12, 1961, thus attributing paternity to Hancock. Arguing that these presumptions conflict and therefore cancel each other (leaving the question of paternity to be established by the evidence without the aid of presumptions), defendant contends that the evidence establishes that Hancock and not defendant was the father of the child. It is not necessary for us to decide whether or not the two presumptions nullify each other.[9] We are of the opinion that without reference to the presumptions the evidence more strongly tends to show that defendant rather than Hancock was the father. Defendant admitted that he and plaintiff had engaged in sexual intercourse up to the time plaintiff left their home early in November, 1960. There was some evidence that plaintiff and Hancock exhibited more than friendly interest in each other prior to the time plaintiff filed suit for divorce, but the evidence was not sufficient to establish that Hancock rather than defendant was the father of Svea

[9] Whether this is the consequence where two presumptions of the same type conflict is a question upon which there is some dispute. See McCormick, Evidence, pp. 653-654 (1954) and the references there cited. It is to be noted that the presumptions in ORS 109.070 are not of the same type, the first being a *conclusive* presumption and the second being *rebuttable*. It has been urged that where two presumptions conflict, the one based upon the stronger policy should prevail. Some Observations Concerning Presumptions, 44 Harv L Rev 906, 932 (1931). Although we have resolved the issue of fact as if no presumptions were applicable, it is not to be understood that we have rejected the latter view; we prefer not to pass upon the question.

Marie. We do not agree with defendant's assertion that "the record as a whole proves circumstantially as a necessary inference the adultery" of the plaintiff. For the most part the evidence consisted of the testimony of the interested parties. As is usual in this type of case, the testimony was conflicting. In such circumstances the trial judges observation of the witnesses is an important factor in the appraisal of the evidence. We have no reason to disagree with the conclusion he reached in this case.

■ The evidence supports the trial court's action in ordering defendant to support Svea Marie and in refusing to award custody of the two youngest children to defendant.

The decree is affirmed.