Argued January 27, affirmed February 23, reconsideration denied
March 17, petition for review allowed April 13, 1976

F., *Respondent, Cross-Appellant,*

*v.*

H., *Appellant, Cross-Respondent.*

(No. 382-680, CA 5019)

546 P2d 765

*Francis F. Yunker,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LEE, J.

[ 517 ]

**LEE, J.**

This is a filiation proceeding. In his appeal defendant ("H.") contends that the trial court erred in holding that the defendant was the father of "a child born out of wedlock."

The plaintiff-mother ("F.") was married to a Mr. "F." (not the defendant) at the time of the birth of the child. At the time she filed the filiation petition to provide for child support, the plaintiff had divorced Mr. "F.".

ORS 109.125(1)(a) provides:

"(1) Any of the following may initiate proceedings under this section:

"(a) A mother of a child born out of wedlock or a female pregnant with a child who may be born out of wedlock * * *"

Defendant contends that the plaintiff cannot initiate the proceeding because the child involved was *not* "born out of wedlock" since plaintiff was married at the time of the birth of the child.

Plaintiff contends that the phrase means a child born to a woman who is not married to the biological father at the time of the child's birth.

*Burke v. Burke,* 216 Or 691, 698, 340 P2d 948 (1959), holds that a husband in a dissolution of marriage suit cannot be required to pay child support for a child which was not biologically his.

Thus, if defendant's contention is accepted, in cases as the one at bar, neither the biological father nor the mother's husband at the time of the child's birth could be held responsible for support of the child. We do not believe that the legislature intended such a gap in responsibility.

We hold that, as used in ORS 109.125(1)(a), the phrase "a child born out of wedlock" means a child born to a woman not married to the biological father at

the time of the child's birth. A similar conclusion was reached in a North Dakota case interpreting a statute which used the same phrase. *State v. Coliton,* 73 ND 582, 17 NW2d 546, 156 ALR 1403 (1945).

■ Accordingly, plaintiff was authorized to initiate the filiation proceeding.

Affirmed.