FOX, *Respondent,*
*v.*
HOHENSHELT, *Petitioner.*

549 P2d 1117

*Francis F. Yunker,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

(See 24 Or App 517 for original opinion.)

TONGUE, J.

## TONGUE, J.

This is a paternity proceeding under ORS 109.125 to have the defendant adjudged to be the father of a child which plaintiff alleges to have been "born out of wedlock" and for an order that defendant pay for the past and future support of the child. Defendant appealed to the Court of Appeals from an adverse judgment.

In support of that appeal defendant contended that plaintiff was not a person authorized to file such a paternity proceeding because she was not "the mother of a child born out of wedlock or a female pregnant with a child who may be born out of wedlock," as provided by ORS 109.125, inasmuch as she was married to one Craig Fox at the time of the birth of the child.

The Court of Appeals rejected that contention, holding that "as used in ORS 109.125(1)(a), the phrase 'a child born out of wedlock' means a child born to a woman not married to the biological father at the time of the child's birth," citing *State v. Coliton,* 73 ND 582, 17 NW2d 546 (1945), as so interpreting a similar North Dakota statute. 24 Or App 517, 546 P2d 765 (1976). We accepted defendant's petition for review because of our concern whether that holding is consistent with Oregon statutes and with prior decisions by this court.

The controlling statutes are the following:

ORS 109.125 provides as follows:

"(1) Any of the following may initiate proceedings under this section:

"(a) A mother of a child born out of wedlock or a female pregnant with a child who may be born out of wedlock;

"* * * * *."

ORS 109.070 provides as follows:

"The paternity of a person may be established as follows:

"(1) The child of a wife, cohabiting with her husband

who was not impotent or sterile at the time of the conception of the child, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void.

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption.

"(3) By the marriage of the parents of a child after his birth.

"(4) By filiation proceedings.

"(5) By joint declaration of paternity filed with the Bureau of Vital Statistics in the form approved by the bureau and with the fee prescribed by the bureau. The declaration shall include information sufficient to identify the child and sworn statements of the natural father and the mother that the natural father is the father of the child and that there is no legal father. The bureau shall prepare a new birth certificate under the procedure established by ORS 432.425.

"(6) By paternity being established or declared by other provisions of law."

ORS 41.360(31) provides the following disputable presumption:

"A child born in lawful wedlock, there being no decree of separation from bed and board, is legitimate."

To hold, as did the Court of Appeals, that a child born to a woman who is then married is "a child born out of wedlock" if it was a "child born to a woman not married to the biological father" would, in our opinion, render meaningless the presumption that "a child born in lawful wedlock * * * is legitimate." This court has previously treated that presumption as applicable to cases in which it was contended, as in this case, that the biological father of the child was not the husband of its mother, although holding that the presumption may be overcome by evidence in such cases. See *Burke v. Burke,* 216 Or 691, 695-97, 340 P2d 948 (1959), and *Moore v. Moore,* 231 Or 302, 307, 372 P2d 981 (1962).

[ 94 ]

■ We believe that the term "a mother of a child born out of wedlock," as used in ORS 109.125(1)(a) to define what women may institute paternity proceedings under that statute, was intended to refer to a mother who was not married at the time the child was born. Such a meaning is also, in our opinion, consistent with other Oregon statutes, as well as with the prior decisions of this court.

■ It does not follow, however, that a mother of a child who was married at the time of its birth, but who contends that the biological father of the child was a man other than her husband, is left without a remedy. See *Thom v. Bailey,* 257 Or 572, 481 P2d 355 (1971), holding (at 596), among other things, that paternity may be established not only by proceedings under ORS 109.125, but also by an action for declaratory judgment or, in the event that the biological father is dead, by proceedings to determine heirship.

For these reasons, the decision of the Court of Appeals is reversed.

Reversed.