Argued May 19, affirmed June 6, reconsideration denied August 17, petition for review denied October 25, 1977

STATE ex rel SOCKERSON, *Respondent,*

*v.*

PEW, *Appellant.*

(No. 384 750, CA 6653)

564 P2d 1375

Donald H. Joyce, Portland, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

The issue presented in this appeal is whether the trial court erred in denying defendant's motion to set aside a judgment and decree in a paternity proceeding determining defendant to be the father of relator's child and requiring him to pay child support.

On July 17, 1973, a judgment and decree establishing paternity was entered declaring defendant the father of relator's child and requiring him to pay $75 per month support. Defendant had been served with the complaint and had appeared, denying paternity, but did not show up for trial. Defendant made no payments toward support of the child and at some point in 1976 contempt proceedings were initiated against him.[1] Defendant moved, in the contempt proceeding, for an order vacating the judgment and decree establishing paternity due to mistake, inadvertence and excusable neglect.

Defendant does not seriously claim mistake or excusable neglect. Rather he claims that the judgment and decree should be set aside because (1) the child was born December 17, 1962, and defendant was not served with the original complaint until October of 1972, well beyond the six-year limitation period of ORS 109.135(3),[2] and (2) the child was not born out of wedlock as required by ORS 109.125(1)(a)[3] and *Fox v. Hohenshelt,* 275 Or 91, 549 P2d 1117 (1976), because the mother had married another on July 16, 1962, some six months prior to the birth of the child.

[1] The record on appeal does not contain a motion to show cause but defendant does not maintain that such a motion was not served on him.

[2] ORS 109.135(3) provides:

"A proceeding under ORS 7.215, 23.775, 23.795, 109.070, 109.125 to 109.165, 109.220, 109.252 and 156.610 shall be commenced within six years after the birth of the child."

[3] ORS 109.125(1)(a) provides:

"(1) Any of the following may initiate proceedings under this section:

"(a) A mother of a child born out of wedlock or a female pregnant with a child who may be born out of wedlock * * *."

While the defenses now raised by defendant might have prevailed at trial or on appeal unless waived, *see, Eastman, Executrix, v. Crary,* 131 Or 694, 284 P 280 (1930); *Murray v. Lamb,* 168 Or 596, 115 P2d 336, 124 P2d 531 (1942), they do not erase or cure defendant's failure to comply with the original judgment and decree.

■ In this civil contempt proceeding, where no defenses other than the propriety of the original decree are raised, the only appropriate inquiries are whether the decreeing court had general subject-matter jurisdiction and personal jurisdiction, and whether the decree was violated. *See, Wood v. White,* 28 Or App 175, 558 P2d 1289 (1977). *See also,* Rodgers, *The Elusive Search for the Void Injunction: Res Judicata Principles in Criminal Contempt Proceedings,* 49 Boston U L Rev 251 (1969); Dobbs, *Contempt of Court: A Survey,* 56 Cornell L Rev 183 (1971).

■ Since neither the allegation that the original action was filed beyond the limitation period nor the allegation that the mother was married to another at the time the child was born relates to the issue of whether the court had subject-matter jurisdiction over paternity proceedings or personal jurisdiction over the parties, the court properly denied defendant's motion. *But cf., State v. La Follette,* 100 Or 1, 196 P 412 (1921).

Affirmed.