Submitted September 29, reversed and remanded December 4, 1978

## STATE ex rel ECKLEY, *Appellant,*
### *v.*
## ECKLEY, *Respondent—Cross-Appellant.*
### (No. 94830, CA 10084)
587 P2d 1031

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Melinda L. Bruce, Assistant Attorney General, Salem, filed the brief for appellant.

Gay Canaday, Oregon Legal Services, Oregon City, filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This appeal and cross-appeal concerns the authority of the trial court to set aside or modify its initial order to pay child support.

On July 15, 1974, a default decree of divorce between the father and mother was entered in Yakima County, Washington. That decree ordered the father, an Oregon resident, to pay $100 per month child support. The parties concede that the Washington support order was invalid because the court did not have personal jurisdiction of the father. Thereafter, the mother filed a complaint in Washington for child support under the Uniform Reciprocal Enforcement of Support Act (URESA). See ORS Chapter 110. On February 3, 1976, the Oregon trial court, acting as responding court, ordered the father to pay $100 per month child support. See ORS 110.131, 110.171 and 110.201.[1]

On May 6, 1976, the father was ordered to appear and show cause why he should not be held in contempt

---

[1] ORS 110.131 in pertinent part provides:

"If the court of this state acting as an initiating state finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support and that a court of the responding state may obtain jurisdiction of the respondent or his property, it shall so certify and shall cause three copies of (1) the petition, (2) its certificate and (3) this chapter to be transmitted to the court in the responding state. * * *

ORS 110.171 provides:

"When the court of this state acting as a responding state receives from the court of an initiating state the copies referred to in ORS 110.131, it shall:

"(1) Docket the cause, and

"(2) Set a time and place for hearing and issue citation to the respondent to appear at the time and place so set by the court to show cause why the relief asked for by the petitioner in the initiating state should not be granted."

ORS 110.201 provides:

"If the court of the responding state finds a duty of support, it may order the respondent to furnish support or reimbursement therefor and subject the property of the respondent to such order."

for failure to comply with the support order of February 3, 1976. The father moved to vacate the judgment for the past due support and dismiss the URESA complaint on the grounds that the Washington support order was invalid. The trial court denied the motion on the grounds that the Oregon decree was valid under URESA, irrespective of the status of the Washington decree. *See Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975). The trial court found the father in contempt and sentenced him to ten days in the county jail. Neither the order denying the father's motion nor the contempt order was appealed.

On May 17, 1977, another order was filed requiring the father to appear and show cause why he should not be found in contempt for failing to comply with the February 3, 1976, support order. The father moved to set aside the February 3, 1976 order on the ground that he was not the child's parent. The state on behalf of the mother moved to strike the father's motion. After hearing, the trial court ordered that the support order of February 3, 1976 be terminated, with the effect that the father would continue to be liable for past due support but not for future support. The state appeals the denial of its motion to strike, the failure of the trial court to make findings as to whether the father was in contempt, and the order terminating future support. The father cross-appeals the trial court's denial of his motion to set aside the February 3, 1976 order of support.

The state argues that its motion to strike should have been granted since this was a contempt proceeding and, therefore, the only issues that could be tried were (1) whether the court had jurisdiction to enter the original February 3, 1976 support order, and (2) whether the order was violated. We agree. *See State ex rel Sockerson v. Pew,* 29 Or App 809, 564 P2d 1375, *rev den* (1977).

■ Even assuming that respondent purges any contempt, it would be an abuse of discretion to grant the

motion to set aside under the circumstances here. In the original URESA hearing the father admitted being the natural parent of the child, that he had been married to the mother and divorced as a result of a Washington decree, and that he had failed to support the child, but was willing to pay $100 per month. The father contends that his admission of paternity in that proceeding was the result of counsel incorrectly advising him that he could not litigate that issue. *See Clarkston v. Bridge, supra.* Nonetheless, he admitted that he was the father and is, therefore, estopped from raising that issue again.

■ The trial court denied the father's motion to set aside the decree of February 3, 1976, but by terminating the obligation of support, the trial court in effect modified its initial decree. It had no power to modify that decree in a contempt proceeding, *see State ex rel Sockerson v. Pew, supra,* and, furthermore, it cannot modify a decree without some showing of change of circumstances. The order terminating support is set aside. The case is remanded for further findings as to whether the father is in contempt.

Reversed and remanded