Argued and submitted April 17, reversed October 12, 1981

STATE ex rel ADULT AND FAMILY
SERVICES DIVISION
*Respondent,*
*v.*
GILLILAND,
*Respondent,*
*and*
NEAL,
*Appellant.*

(No. 335, CA 19509)

634 P2d 820

Kevin J. Freeman, Lebanon, argued the cause for appellant. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent Adult and Family Services Division. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

No appearance for respondent Barbara A. Gilliland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

In this filiation proceeding defendant was found to be the father of the child in question. He appeals the denial of his motion for a directed verdict, contending that the state failed to prove it had authority to initiate the proceedings. ORS 109.125 is the controlling statute and provides in part:

"(1) Any of the following may initiate proceedings under this section:

" * * * * *

"(b) Any state agency, if furnishing support to the mother for the benefit of the child or if furnishing services or assistance of any kind because of the birth, or impending birth, of the child;

" * * * * *

"(2) Proceedings shall be initiated by the filing of a duly verified petition of the initiating party. The petition shall contain:

"(a) If the initiating party is one of those specified in paragraphs (a) to (d) of subsection (1) of this section:

" * * * * *

"(B) Facts showing the petitioner's status to initiate proceedings; * * *""

The only question presented by this appeal is whether the state, having adequately alleged its standing to commence this proceeding, was required to prove at the filiation trial that it is furnishing support to the mother for the benefit of the child or assistance of any kind because of the birth or impending birth of a child. In the present case, the state presented no such proof. Defendant argues that, because the state failed to prove it was entitled to initiate the proceedings, the trial court had no authority to submit the paternity issue to the jury. The trial court denied defendant's motion on the ground that "it would be prejudicial to the determination of the paternity issue to have the matter of 'welfare payments' injected into the case." We reverse.

As noted by the state, filiation proceedings under ORS 109.155 are divided into two parts. That statute provides:

" * * * * *

"(2) If the court or jury finds, from a preponderance of the evidence, that the petitioner or the defendant is the father of the child who has been, or who may be born out of wedlock, the court shall *then* proceed to a determination of the appropriate relief to be granted. * * *

" * * * * * *

"(4) The court shall have the power to order the father to pay such sum as it deems appropriate for the past and future support and maintenance of the child during its minority and while the child is attending school and the reasonable and necessary expenses incurred or to be incurred in connection with prenatal care, expenses attendant with the birth and postnatal care. The court may grant the prevailing party reasonable costs of suit, including reasonable attorney fees." (Emphasis added.)

■ The state contends that because of the bifurcated nature of the paternity trial, it was unnecessary to establish its standing to proceed in the filiation hearing. This contention is, however, directly contrary to the statutory requirement that the party commencing filiation proceeding must, in its petition, allege facts showing standing to do so. *See Fox v. Hohenshelt,* 275 Or 91, 549 P2d 1117 (1976). As we pointed out in a prior proceeding between the same litigants in *Fox v. Hohenshelt,* 19 Or App 617, 621, 528 P2d 1376 (1974), the purpose of permitting the state to commence filiation proceedings is to protect the state's interest when it appears likely that child is or will become a public charge and the mother is unwilling to institute proceedings. In the absence of those circumstances, the state has no interest in establishing the paternity upon which the duty to support depends.

■■ When the facts alleged in the petition relating to the state's authority to institute paternity proceedings are challenged by a responsive pleading, as they were here, the facts establishing that authority must be presented in the filiation portion of the trial. The fact that such payments have been made or services rendered is a matter peculiarly within the knowledge of the paying agency, and the state must at least present evidence sufficient to make a prima facie case of its authority to proceed. Any prejudice resulting from the disclosure by the state that it or one of its agencies is furnishing support to the mother for the benefit of the child, or services or assistance on account of the birth

or impending birth of the child, in any event, would appear to fall upon the putative father, not upon the state. *See State ex rel Burghart v. Haslebacher,* 125 Or 389, 405, 266 P 900 (1928). If the putative father wishes to avoid the possibility of prejudice, he may concede the fact that payments have been made or services rendered, but in the absence of such concession, the state is not relieved of its burden of establishing its authority to institute filiation proceedings.

Reversed.